Submitted on the record January 17, accused censured March 23, 2007

Inquiry Concerning a Judge re:

# THE HONORABLE PHILIP A. MENDIGUREN,
*Accused.*

(CJFD 05-112; SC S54356)

154 P3d 720

The Honorable Philip A. Mendiguren *pro se.*

Michael B. Collins, Beaverton, attorney for Commission on Judicial Fitness and Disability.

PER CURIAM

## PER CURIAM

This is a proceeding under ORS 1.420,[1] ORS 1.430,[2] and Article VII (Amended), section 8, of the Oregon Constitution, to inquire into the conduct of a circuit court judge. The Oregon Commission on Judicial Fitness and Disability (Commission) and the accused, Honorable Philip A. Mendiguren, a judge of the Circuit Court of the State of Oregon for Union and Wallowa counties, agreed to a Stipulation of Facts and Consent to Censure (stipulation), in which the accused stipulated that he engaged in conduct that violated the Oregon Code of Judicial Conduct JR 1-101(E) (prohibiting family, social, or other relationships from influencing judicial conduct) and JR 2-102(A) (providing party and lawyer right to be heard).

We set out the stipulation:

"STIPULATED FACTS

"1. At all materials times herein, Judge Philip Mendiguren was a Circuit Court Judge for the State of Oregon.

"2. Judge Mendiguren is a Circuit Court Judge for Union and Wallowa counties. On February 24, 2004, Judge Mendiguren sat as a visiting judge in Malheur Circuit Court Case No. 03-05-3811C, *State of Oregon v. Jesse Lee Yager*. The trial was held at the Malheur County Courthouse in Vale, Oregon.

"3. Mr. Yager, the defendant in the case, was accused of spitting on a prison guard, a felony (Assault III), at the

---

[1] ORS 1.420(1)(c) provides:

"The [Commission on Judicial Fitness and Disability] may allow the judge to execute a consent to censure * * *[.] If a consent is entered into under this paragraph, the judge and the commission must enter into a written stipulation of facts. The consent and stipulation of facts shall be submitted by the commission to the Supreme Court."

[2] ORS 1.430(2) provides, in part:

"If the [Commission on Judicial Fitness and Disability] has agreed to allow the judge to submit a consent to censure, * * * the Supreme Court shall review the stipulation of facts and the disciplinary action to which the judge has consented. If the Supreme Court approves the consent, the court shall censure the judge[.]"

Snake River Correctional Institution, where he was incarcerated.

"4. Judge Mendiguren's brother was employed as a guard at the Snake River Correctional Institution in Ontario, Oregon, as of the date of the trial.

"5. At the beginning of the trial, Mr. Yager put an oral waiver of a jury trial on the record. Judge Mendiguren accepted the waiver of a jury trial and then went into chambers, prior to commencement of the trial, with Mr. Yager's defense attorney, Manuel Perez, and the State's attorney, Lung Hung.

"6. During the meeting in chambers, which occurred off the record, Judge Mendiguren informed both counsel that his brother worked at the Snake River Correctional Institution. Judge Mendiguren further requested that Mr. Yager not be informed of that fact, because he was concerned that his brother would be subjected to abuse by prison inmates if Mr. Yager learned this information. Judge Mendiguren does not recall making this request, but accepts the statements of Mr. Perez and Mr. Hung that the request was made by him.

"7. As requested by Judge Mendiguren, neither attorney revealed to Mr. Yager that Judge Mendiguren's brother was employed as a guard at Mr. Yager's prison.

"8. At the conclusion of the case, Judge Mendiguren found Mr. Yager guilty of the charge.

"9. Shortly after Mr. Yager was convicted, Mr. Perez decided he should have advised his client that Judge Mendiguren's brother worked as a guard at the prison. After Mr. Yager was so informed by his attorney, he filed a formal petition for post-conviction relief, seeking to set aside his conviction on the grounds that he was not informed of Judge Mendiguren's relationship with a prison guard, and had he been so informed, he would have sought his recusal.

"10. On November 7, 2005, the State stipulated to the allowance of the post-conviction petition, and Mr. Yager's conviction was set aside.

## "CONSENT TO CENSURE

"1. Respondent agrees and stipulates that the behaviors described above are violations of Sections JR 1-101(E) and JR 2-102(A) of the Oregon Code of Judicial Conduct adopted by the Oregon Supreme Court.

"2. Respondent agrees and stipulates that based on such facts, the Commission could find that respondent's conduct justifies censure and recommend the censure to the Oregon Supreme Court.

"3. Respondent agrees to execute, and does hereby execute, this consent to censure as authorized by the terms of ORS 1.420(c), *et seq.*"

Pursuant to ORS 1.430(2), the court has reviewed the stipulation of facts and the disciplinary action to which the accused has consented. The court approves the consent to censure.

The accused is censured.